UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MARSHAL WADDELL, III, a/k/a Pee
Wee,
Defendant-Appellant.

No. 00-4006

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-132)

Submitted: September 21, 2000

Decided: October 2, 2000

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter L. Jones, CLIFFORD, CLENDENIN, O'HALE & JONES,
L.L.P., Greensboro, North Carolina, for Appellant. Walter C. Holton,
Jr., United States Attorney, Sandra J. Hairston, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marshal Waddell, III, pled guilty to conspiracy to deliver cocaine and was sentenced to 235 months' imprisonment. Waddell's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states there are no meritorious grounds for appeal but raises an issue relating to Waddell's sentence. Although Waddell was informed of his right to file a supplemental brief, he has not done so.

The issue raised by counsel in the Anders brief is that the district court clearly erred by denying Waddell a downward adjustment under the United States Sentencing Guidelines for acceptance of responsibility. See USSG § 3E1.1 (1998). Counsel also states in his Anders brief, however, that Waddell expressly waived his right to appeal any sentence imposed in his written plea agreement and at the Fed. R. Crim. P. 11 plea hearing. Thus, there is no allegation that Waddell's waiver of appellate rights hearing was not knowing and voluntary. Because Waddell validly waived his right to appeal his sentence and because his sentence does not exceed the statutory maximum, we decline to address the sentencing issue raised in counsel's Anders brief.

In accordance with the requirements of Anders , we have examined the entire record in this case, including the transcript of the Rule 11 colloquy and sentencing hearing, and find no meritorious issues for appeal. Accordingly, we affirm Waddell's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3
d